**FILED**
**Jul 10, 2025**
**01:11 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | |
|---|---|
| **BRANDY SANDERS,** ) | **Docket No. 2023-03-00982** |
| **Employee,** ) | |
| **v.** ) | |
| **NORTHSHORE HEIGHTS** ) | |
| **ASSISTED LIVING,** ) | **State File No. 92079-2022** |
| **Employer,** ) | |
| **and** ) | |
| **CHURCH MUTUAL INSURANCE** ) | |
| **COMPANY,** ) | **Judge Pamela B. Johnson** |
| **Carrier.** ) | |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

Northshore Heights filed a motion for summary judgment. The issue is whether Brandy Sanders presented sufficient evidence of a causal connection between her employment and her injury, which is an essential element of her claim. For the reasons below, the Court holds that Ms. Sanders did not present the necessary evidence and Northshore Heights is entitled to summary judgment as a matter of law.

### History of Claim

Northshore Heights filed a statement of undisputed material facts with citations to the record in compliance with Tennessee Rules of Civil Procedure 56.03 (2024). The relevant facts are summarized below:

1. Ms. Sanders allegedly injured her right wrist and back at work in October 2022 while trying to move a patient in a wheelchair.
2. Her petition lists an October 14, 2022 injury date.
3. Her sworn discovery responses provide an October 5, 2022 injury date.
4. During her deposition, Ms. Sanders testified that she could not remember the date that she became injured at work.
5. Ms. Sanders has not offered any medical evidence that her injury was caused by a

1

specific incident, or set of incidents, identifiable by time and place of occurrence, and arising primarily out of and in the course and scope of her employment.

Ms. Sanders did not respond to the motion as required by Rule 56.03. However, in her petition, she alleged that she injured her right wrist and back while moving a patient at work. Medical records attached to her petition noted that she sought care at the emergency room on October 21, 2022, and reported that "she does a lot of lifting for her job, and a week ago she developed a right wrist cyst." She was diagnosed with a right-wrist ganglion cyst. Her past medical history listed chronic low-back pain.

At the motion hearing, Northshore Heights asserted that Ms. Sanders bears the burden to prove her claim. She did not file a response to its statement of undisputed facts, so the statements should be deemed admitted. Further, it contended that she has no proof of a compensable work injury, identifiable by time and place, and no admissible medical proof causally relating her injuries and need for treatment to her employment. Because she offered no expert medical opinion proving her injuries or conditions arose primarily out of her employment, Northshore Heights argued it is entitled to summary judgment.

Ms. Sanders, through counsel, conceded that she does not have an expert medical opinion causally relating her injuries or conditions to her employment. Her counsel also reported that Ms. Sanders fired him the morning before the court-ordered mediation, which was set the same day as the motion hearing. She did not appear or participate in the mediation. Later, she contacted her attorney, and they discussed how to proceed.

Her attorney asked for permission either to voluntarily nonsuit or additional time for Ms. Sanders to find new counsel. Her attorney acknowledged that no motion to withdraw or to substitute was pending.

## Analysis
### *Motion to Voluntary Nonsuit*

Tennessee Compilation Rules and Regulations 0800-02-21-.24(1) (2023) governs voluntary dismissals. It states, "[a] party may move to voluntarily dismiss a petition for benefit determination only once." The rule further provides that a request for voluntary dismissal cannot be granted if a motion for summary judgment is pending. *Thomas v. Duracell-Cleveland,* 2024 TN Wrk. Comp. App. Bd. LEXIS 11, at *10 (Mar. 11, 2024).

Here, a motion for summary judgment is pending. Thus, under the rule, the request for voluntary dismissal is denied.

*Motion for Additional Time to Withdraw or Substitute Counsel*

Rule 0800-02-21-.04(3) governs motions to withdraw or substitute counsel and similarly offers Ms. Sanders no relief. The rule states that "[r]epresentation continues until the case concludes, including all appeals, or the judge grants a motion to withdraw. An attorney seeking to withdraw must file a motion with reasonable notice provided to the represented party." The rule additionally requires an affidavit from the attorney containing the client's last-known mailing address, email address, telephone number, and a declaration that the attorney notified the client of both the effects of the attorney's withdrawal from the case and of any deadlines and scheduled proceedings.

In this case, Ms. Sanders retained Attorney Glen Rutherford to represent her. He filed the petition on her behalf in February 2023 and has represented her in numerous hearings since then. Although her counsel verbally requested additional time to withdraw or to substitute counsel, no motion is currently pending. Thus, the request is unreasonable at this stage.

*Motion for Summary Judgment*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. To prevail, Northshore Heights must do one of two things: (1) submit affirmative evidence that negates an essential element of Ms. Sanders's claim, or (2) demonstrate that Ms. Sanders's evidence is insufficient to establish entitlement to benefits. Tenn. Code Ann. § 20-16-101 (2024); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Northshore Heights is successful in meeting this burden, Ms. Sanders must then establish that the record contains specific facts upon which the Court could base a decision in her favor. *Rye*, 477 S.W.3d 235 at 265.

Rule 56.03 imposes specific requirements that both the party filing and the party opposing summary judgment must meet. *Thomas v. Zipp Express*, 2017 TN Wrk. Comp. App. Bd. LEXIS 22, at *11 n.4 (Mar. 15, 2017).

Specifically, Rule 56.03 requires that Northshore Heights file a statement of undisputed facts with citations to the record in support of its motion. Northshore Heights did so. Ms. Sanders must then file a response to that statement of facts, stating either her agreement or disagreement with the facts. She did not.

Although Ms. Sanders's failure to respond does not automatically entitle Northshore Heights to summary judgment, it does prevent her from disputing any of the facts in Northshore's statement of material facts. *See United Servs. Inds., Inc. v. Sloan*, 1988 Tenn.

App. LEXIS 592, at \*4 (Tenn. Ct. App. Sept. 28, 1988) (An adverse party's failure to respond to a motion for summary judgment does not relieve the moving party of the burden of establishing an entitlement to judgment as a matter of law; rather, an absence of response only precludes factual disputes.). Therefore, the facts are undisputed.

However, the analysis does not stop here, as the Court must determine whether under Rule 56.06 summary judgment is "appropriate."

The essential element at issue comes from Tennessee Code Annotated section 50-6-102(12)(A)-(D), which requires an expert medical opinion that the injury, identifiable by time and place, arose primarily out of and in the course and scope of employment.

Northshore Heights met its initial burden of demonstrating that Ms. Sanders's evidence is insufficient to establish entitlement to benefits. The burden then shifted to Ms. Sanders to present specific facts upon which the trial court could rule in her favor. She failed to do so. *See Williamson v. Prof. Care Servs.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 43 (Aug. 13, 2018) (The employer offered sufficient evidence at the summary judgment stage to show that the employee could not prove an essential element of her case (causation), and the employee failed to produce evidence of a disputed issue of material fact.).

Ms. Sanders presented no medical evidence that her injury arose primarily out of and in the course and scope of her employment. Thus, because no genuine issue of material fact exists as to the question of causation, Northshore Heights is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Sanders's claim is dismissed with prejudice. The Compensation Hearing set for August 12, 2025, is canceled.

2. Unless appealed, this order shall become final in 30 days.

3. The Court assesses the $150.00 filing fee against Northshore Heights, for which execution might issue as necessary. Northshore Heights shall pay the filing fee to the Court Clerk within five business days of the order becoming final.

4. Northshore Heights shall file Form SD-2, Statistical Data Form, with the Court Clerk within five business days of this order becoming final.

**ENTERED July 10, 2025.**



**JUDGE PAMELA B. JOHNSON**
**Court of Workers' Compensation**

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as shown on July 10, 2025.

| Name | Mail | Email | Service sent to: |
|------|------|-------|------------------|
| Glen B. Rutherford, Employee's Attorney | | X | grutherford@knoxlawyers.com |
| Allen Callison, Trent Norris, Employer's Attorneys | | X | allen.callison@mgclaw.com trent.norris@mgclaw.com |

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

5



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.

    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.

    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s) (Requesting Party):** _____  ☐ Employer ☐ Employee

Address: _____  Phone: _____

Email: _____

Attorney's Name: _____  BPR#: _____

Attorney's Email: _____  Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s) (Opposing Party):** _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a
true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described
in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this
case on this the _____ day of _____, 20 ____.

_____

*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | | |
|---|---|---|---|---|
| AFDC | $ _____ | per month | beginning | _____ |
| SSI | $ _____ | per month | beginning | _____ |
| Retirement | $ _____ | per month | beginning | _____ |
| Disability | $ _____ | per month | beginning | _____ |
| Unemployment | $ _____ | per month | beginning | _____ |
| Worker's Comp. | $ _____ | per month | beginning | _____ |
| Other | $ _____ | per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

Groceries        $ _____ per month     Telephone      $ _____ per month

Electricity      $ _____ per month     School Supplies $ _____ per month

Water            $ _____ per month     Clothing       $ _____ per month

Gas              $ _____ per month     Child Care     $ _____ per month

Transportation   $ _____ per month     Child Support  $ _____ per month

Car              $_____ per month

Other            $ _____ per month (describe: _____)

10. Assets:

Automobile            $ _____      (FMV) _____

Checking/Savings Acct. $ _____

House                 $ _____      (FMV) _____

Other                 $ _____      Describe:_____

11. My debts are:

Amount Owed                    To Whom

_____        _____

_____        _____

_____        _____

_____        _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____